126 So.2d 129 (1960)
Theodore R. GIBSON, Appellant,
v.
FLORIDA LEGISLATIVE INVESTIGATION COMMITTEE, Appellee.
Supreme Court of Florida.
December 19, 1960.
Rehearing Denied January 17, 1961.
*130 G.E. Graves, Jr., Miami, and Robert L. Carter, New York City, for appellant.
Mark R. Hawes, St. Petersburg, for appellee.
THORNAL, Justice.
By direct appeal, we are requested to review an order of the circuit court upholding the validity of Chapter 59-207, Laws of Florida, 1959, and adjudging petitioner Gibson guilty of contempt of Court for failure to comply with a subpoena duces tecum issued by appellee Committee.
We must pass upon the constitutionality of Chapter 59-207, Laws of Florida, 1959. We must also determine whether the compelled response to the subpoena duces tecum would be violative of various constitutional rights asserted by appellant.
Appellant Gibson is admittedly the president of the Miami branch of the National Association for the Advancement of Colored People. He had been such for at least five years prior to the critical hearing on November 5, 1959. At the time of the Committee hearing, appellant also admitted that he held in his custody the then current list containing the names of the members of Miami branch of the N.A.A.C.P. He had been served with a subpoena duces tecum directing him to have the list available at the hearing of the Committee on November 5, 1959. The record reveals that prior to the time appellant Gibson was called to testify, an investigator of appellee Committee identified by name some fifty-one persons whom he stated were known members of the Communist Party, or its affiliates. All of these had in times recently past resided or engaged in various activities in Dade County, Florida. The investigator identified fourteen of these people by name and Communist Party membership card number. He testified that these fourteen had been known to have participated in the affairs of Miami branch of the N.A.A.C.P. When appellant Gibson was called to testify the attorney for the appellee Committee identified an allegedly known Communist by name and requested Gibson to refer to the membership list and advise whether such allegedly known Communist was listed as a member of Miami branch of N.A.A.C.P. Gibson refused. He stated that he would not bring the list to the Committee hearing as required by the subpoena. For various reasons which we shall mention, he refused to comply with the prior decision of this Court in the same matter by having the list available for reference by him only, even though he had been assured that he would not be required to file the entire list in evidence where it would be subject to public inspection. Following the procedure delineated by the Statute, the appellee Committee requested the circuit judge to issue a rule nisi and grant to appellant an opportunity to answer the questions or else show cause why he should not be charged in contempt. The judge directed the witness to have the membership list available and answer the questions propounded. Again appellant declined. Thereupon, he was adjudged to be in direct contempt of Court and was sentenced to a term of six months in the Leon County jail and to pay a fine of $1,200. We are now requested to reverse this order.
It is the contention of the appellant Gibson that Chapter 59-207, Laws of Florida, 1959, is unconstitutional. He further contends that the order which compels him to have available the membership list of N.A.A.C.P. for reference by him only as an authentic basis for his testimony before the appellee Committee does violence to his rights of freedom of speech and assembly. Similar constitutional rights of all members of N.A.A.C.P. are allegedly violated.
The appellee Committee contends that the subject statute is constitutional. It asserts that the compelled disclosure of the associational relations of specifically identified alleged subversives does no violence to the constitutionally protected rights of appellant Gibson or other legitimate good faith members of N.A.A.C.P.
We consider it totally unnecessary to burden this opinion with any elaborate *131 dissertation on the constitutionality of Chapter 59-207, Laws of Florida, 1959. For all practical purposes, this statute is identical with Chapter 57-125, Laws of Florida, 1957, which we upheld against the same identical assault by this same appellant in Gibson v. Florida Legislative Investigation Committee, Fla., 108 So.2d 729, certiorari denied 360 U.S. 919, 79 S.Ct. 1433, 3 L.Ed.2d 1535. The 1959 statute is merely a legislative renewal and continuation of the authority of the appellee Committee which had its origin in the 1957 statute which we discussed in considerable detail in the case last cited. The points there made as the basis for the assault on the constitutionality of the statute are repeated in the instant appeal. The appellant certainly has a right to raise doubts as to the validity of an act of the Legislature. However, we do not deem it necessary to repeat in detail the reasons which we have heretofore given for upholding an identical act. We will here do no more than to hold Chapter 59-207, supra, constitutional on the authority of Gibson v. Florida Legislative Investigation Committee, supra.
In our opinion in the case last cited the constitutional rights of the rank and file bona fide members of Miami Branch of N.A.A.C.P. were frankly recognized and given judicial protection against illegal encroachment. Appellant, however, again asserts in behalf of himself and for the benefit of all other members of N.A.A.C.P. a constitutional freedom of speech and assembly which includes associational privacy. He relies on the First Amendment to the Constitution of the United States. Because of the due process provisions of the Fourteenth Amendment to the Constitution of the United States, appellant insists that the states are bound to recognize these so-called First Amendment rights.
While renewing his reliance on N.A.A.C.P. v. State of Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488, appellant urges additional support from Bates v. City of Little Rock, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480. If the factual situation were analogous to the last cited cases we would, of course, deem ourselves bound by those decisions and rule accordingly. However, the instant factual situation is markedly different.
In N.A.A.C.P. v. State of Alabama, supra, the State attempted to require the Association to file its entire membership list with the Secretary of State, allegedly in order to determine the nature of the business of the non-profit corporation. Similarly, in Bates v. City of Little Rock, supra, the municipality by ordinance attempted to require the Association to file its entire membership list with city officials in order to enable them to determine the applicability of certain license tax requirements. In both instances the State agency attempted to require the publication of the entire membership of the Association. In both instances community antipathy to N.A.A.C.P. was held to be an established fact. In both instances there was a showing deemed to be adequate to the effect that the revelation of the list of members would completely stultify the functioning of the Association because of fear of economic and social retribution and actual threats and fears of threats of physical violence. In other words, it was held to have been shown in those cases that if the names of the good faith members of N.A.A.C.P. were publicly revealed, this fact alone would have such a deterrent effect on their continued membership or the acquisition of new members that the organization would completely disintegrate. In this manner the memberships' freedom of speech and right of assembly would be totally destroyed.
If we were here dealing with a compulsory indiscriminate disclosure of the entire membership list of N.A.A.C.P. we would be confronted with the very serious problem of balancing appellant's rights of free speech and association against potential encroachments by threatened governmental action. However, the instant situation does not make it necessary to evaluate the claimed deterrent effect of revealing the membership list against a showing of *132 subordinating public interest. We recognize the rule that when the so-called deterrent influence by contemplated governmental action is established, the burden moves to the government to prove clearly and unequivocally an impelling public need that justifies subordinating the constitutionally assured private right to the exercise of governmental power. N.A.A.C.P. v. State of Alabama, supra; Bates v. City of Little Rock, supra. The mere fact that a particular governmental power is admitted to exist, does not in every instance justify its exertion. Even when not absolutes in themselves, constitutionally provided individual rights will be subordinated to the exercise of a particular power of government only in those instances when it is made clear and beyond question that governmental action is essential to the public interest.
In the case now here all that has been required is that appellant have available records from which to testify regarding the associational status of certain specifically named individuals who have otherwise been identified in this record as having subversive connections. Uphaus v. Wyman, 360 U.S. 72, 79 S.Ct. 1040, 3 L.Ed.2d 1090.
As was the case in Uphaus the testimony in this record unequivocally reports that numbers of Communist Party members or affiliates have on various occasions attended meetings or participated in the affairs of Miami branch of N.A.A.C.P. This in itself suggests adequate justification for the inquiry upheld by the circuit judge. The announced purpose of the inquiry is to determine whether persons with Communist connections or affiliations are infiltrating the legitimate organizations of the State. Under the rule which we announced in Gibson v. Florida Legislative Investigation Committee, supra, and followed by the circuit judge here, there is no danger of encroachment upon the constitutionally guarded rights of appellant or other legitimate, bona fide members of N.A.A.C.P. The rule which we follow does not disturb the delicate equilibrium between the associational rights of rank and file members of N.A.A.C.P. on the one hand and the power of the State to ascertain the whereabouts of those who pose serious threats to its security on the other.
Appellant simply urges us to construct a constitutional city of refuge which opens its precincts to those who seek to speak freely and assemble righteously in the advocacy of their just causes. In so doing, however, he would have us provide ideological asylum for those who would destroy by violence the very foundations upon which their governmental sanctuary stands. An appeal so illogical, we think, cannot merit judicial sanction.
We conclude, as we have done before, that the appellant as the official custodian of the subject records can be required to refer to them in order to authenticate his testimony. We do not construe the order of the circuit judge as directing that the records be publicly exposed or delivered to the committee or to any one else or to be filed in this cause. As so construed we can find no constitutional objection to the subject order. On the contrary, it comports with our mandate in Gibson v. Florida Legislative Investigation Committee, supra. This is not an order directing the revelation of the rank and file members of Miami branch of N.A.A.C.P. Under the subject order, those who are legitimate and good faith members of the Association are adequately protected against the alleged retribution which it is claimed would follow upon the unjustifiable publication of the entire list of members.
On the other hand, the particular individuals whose otherwise subversive connections have been revealed, are not entitled to the same associational privacy. Stated otherwise, when an individual is identified as one who advocates the violent destruction of the system from which he seeks protection, then the public interest in obtaining light on his other associational activities *133 is sufficient to subordinate his claimed rights of free speech and assembly to the interest of the general good. Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115.
There is no error in the order under attack. It is, therefore, affirmed.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, DREW and O'CONNELL, JJ., concur.